# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-40710
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Antonio Carreto,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-301-1

———————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Jose Carreto of conspiracy to possess with intent to distribute a mixture containing a detectable amount of heroin resulting in serious bodily injury (counts one and three) and conspiracy to possess with intent to distribute a mixture containing a detectable amount of methamphetamine (count two). Carreto moved for a new trial on counts one and three based on newly discovered evidence, i.e., a sworn statement in which Kolton

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40710

Watson recanted his trial testimony that he purchased heroin from Carreto and later sold it to a young girl who ingested it and overdosed. The district court denied the motion, and Carreto appeals.

Carreto has not shown that the court abused its discretion by denying the motion for new trial. *See United States v. Pratt*, 807 F.3d 641, 645 (5th Cir. 2015). As the court determined, Carreto failed to establish that Watson's broad, vague statement, which we view with extreme suspicion, would have probably resulted in an acquittal. *See United States v. Ardoin*, 19 F.3d 177, 181 (5th Cir. 1994); *see also United States v. Adi*, 759 F.2d 404, 408 (5th Cir. 1985). Carreto's failure to establish this factor was fatal to his motion for new trial. *See United States v. Freeman*, 77 F.3d 812, 817 (5th Cir. 1996); *see also United States v. Blackthorne*, 378 F.3d 449, 452 (5th Cir. 2004).

AFFIRMED.